UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

DANIEL LEE NYSSEN,

    Plaintiff,

v.

STATE OF MINNESOTA NICOLLET
COUNTY, LORI SWANSON, KARL
JENSEN, PAUL BEIDERMAN, SHIRLEY
A. EKEN, JEAN GERNSHEIL, MICHAEL
K. RILEY, SR., KRISTEN E. SWANSON,
JAMES P. DUNN, KENNETH R. WHITE,
LAWRENCE HAMMERLING, and
MICHAEL F. CROMETT,

    Defendants.

Civil No. 08-5013 (ADM/SRN)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). The case has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff's amended complaint[1] shows that on November 21, 2005, he was pulled over by a sheriff's deputy while driving on a highway in Nicollet County, Minnesota. The

---

[1] The Court previously determined that Plaintiff's original complaint was inadequate for several reasons. (See Order dated June 29, 2008, [Docket No. 3].) Plaintiff was granted leave to amend his pleading, and he later did so. Thus, the matter is currently before the Court on Plaintiff's amended complaint, (Docket No. 4).

deputy, Defendant Paul Beiderman, took Plaintiff into custody, and gave him a "breath test," presumably to determine Plaintiff's blood alcohol level. Although "[t]he reading of machine was .147," Plaintiff was released from custody without being given a "citation, tab charge or complaint."

However, on January 23, 2006, a criminal complaint was filed against Plaintiff in connection with the traffic stop that occurred on November 21, 2005. He was charged with four misdemeanor counts, including Fourth Degree Driving While Impaired, and Careless Driving. Plaintiff entered a plea of not guilty, and eventually went to trial. On January 12, 2007, a jury found Plaintiff guilty on all counts. He was sentenced on February 5, 2007. Plaintiff's amended complaint does not describe his sentence, but his IFP application indicates that he was not incarcerated when he commenced the present lawsuit.

Plaintiff is now attempting to sue Defendant Beiderman for violating his constitutional rights. He claims that Beiderman violated the Fourth Amendment, by stopping him without probable cause. Plaintiff further claims that evidence obtained as a result of the allegedly unconstitutional stop, namely the results of the breath test, should have been suppressed in his criminal case. According to the amended complaint, the breath test results were "the evidence that was used" to convict him in his criminal case.

Plaintiff also claims that his constitutional rights were violated in several other ways during the course of his state criminal case. He claims that he was deprived of his Fifth Amendment right against self-incrimination, that he was denied due process, that his sentence violated the Eighth Amendment prohibition against cruel or unusual punishment, and that he was denied equal protection. Plaintiff is attempting to sue several other individuals, (besides Defendant Beiderman), who apparently played various roles in his

state criminal case. These additional Defendants include the Minnesota Attorney General, various Nicollet County court administrators, the Nicollet County Attorney and various assistant county attorneys, and two public defenders. The amended complaint does not describe how these additional defendants allegedly violated Plaintiff's constitutional rights.

Plaintiff is seeking a judgment awarding him an unspecified sum of "Compensatory, Punitive [and] Monetary damages" for Defendants' alleged violations of his constitutional rights.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when a plaintiff has filed a complaint that fails to state a cause of action on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).

In this case, Plaintiff has failed to state a cause of action, because his claims are barred by the principles discussed in Heck v. Humphey, 512 U.S. 477 (1994). In Heck, the Supreme Court re-affirmed the longstanding rule that prohibits a person from challenging a state criminal conviction in a federal civil rights action. According to Heck –

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., [a civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... [T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

Id. at 486-87 (footnote omitted; emphasis added).

Even when a plaintiff demands only money damages, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483. See also Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996) ("Heck requires favorable termination of the [criminal] action in an authorized state tribunal or a federal habeas corpus court, even if the [civil] claim is for damages rather than earlier release").

Here, a judgment in Plaintiff's favor would, in the words of Heck, "necessarily imply the invalidity of his conviction." Plaintiff claims that his constitutional rights were flagrantly violated at every stage of his prior state criminal case – starting from Defendant Beiderman's decision to pull him over, and ending with a sentence that allegedly violated the Eighth Amendment. There can be no doubt that if Plaintiff's current claims for relief were to be upheld in this action, then his state criminal conviction would be effectively invalidated. Even though Plaintiff is not explicitly asking the federal court to set aside his state conviction and sentence, a judgment in his favor here would necessarily cast doubt on the legal validity of that conviction and sentence.

According to Heck, the present action is premature. Plaintiff cannot maintain a civil action seeking damages, (or any other civil remedy), for the alleged deprivation of his rights during his state criminal case, without first securing a court order specifically invalidating his conviction in that case. In other words, he must successfully challenge the conviction itself, in a legally appropriate forum and manner, before he can seek a civil judgment based on the allegedly unconstitutional actions underlying his conviction and sentence. Because Plaintiff has not yet done that, his complaint fails to state a cause of action on which relief

can be granted.[2]

Thus, the Court concludes, based on Heck, that Plaintiff has failed to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed, and that Plaintiff's IFP application be denied, pursuant to § 1915(e)(2)(B)(ii).

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. This action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated:   September 23, 2008

   s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 8, 2008**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.

---

[2] Even though Plaintiff may not currently be eligible for federal habeas corpus relief under 28 U.S.C. § 2254, because he apparently is not in custody at this time, his present lawsuit is still barred by Heck. See Entzi v. Redmann, 485 F.3d 998, 1003 (8th Cir. 2007) ("'the principle barring collateral attacks – a longstanding and deeply rooted feature of both the common law and our own jurisprudence – is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated'"), cert denied, 128 S.Ct. 1714 (2008), quoting Heck, 512 U.S. at 490 n. 10.