**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Daniel Lee Nyssen,

                Plaintiff,             **MEMORANDUM OPINION**
                                       **AND ORDER**
      v.                             Civil No. 08-5013 ADM/SRN

State of Minnesota and Nicollet County,

                Defendants.

_____

Daniel Lee Nyssen, pro se.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge to consider Plaintiff

Daniel Lee Nyssen's ("Nyssen") Objections [Docket No. 6] to Magistrate Judge Susan R.

Nelson's Report and Recommendation ("R&R") [Docket No. 5] dated September 23, 2008.  The

R&R recommends that Nyssen's Motion to Proceed in Forma Pauperis should be denied and that

his Amended Complaint [Docket No. 4] be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

For the reasons set forth below, the R&R is adopted.

## II. BACKGROUND

On November 21, 2005, Nyssen was arrested after Deputy Paul Beiderman of the

Nicollet County Sheriff's Office noticed Nyssen driving erratically.  Amended Compl.  Nyssen

had an alcohol concentration level of .147 and was booked into the Nicollet County Jail.  Id.  He

was released five hours later without receiving a citation, tab charge, or complaint.  Id.  On

January 23, 2006, a criminal complaint was filed against Nyssen charging four misdemeanor

counts including Fourth-Degree Driving While Impaired and Careless Driving.  Id.  After

pleading not guilty, a jury found Nyssen guilty on all counts.  He was sentenced on February 5,

2007.  Id.  The Amended Complaint does not include the terms of his sentence but his in forma

pauperis ("IFP") application demonstrates that he currently is not incarcerated.

Nyssen appealed his conviction to the Minnesota Court of Appeals.  Id.  On February 8,

2008, that court affirmed his conviction, and the Minnesota Supreme Court denied Nyssen's

petition for review.  Id.  Nyssen's Complaint [Docket No. 1] in this case requested a writ of

certiorari to determine whether the State of Minnesota deprived him of his due process rights

under the United States Constitution.  Compl.  By Order of August 29, 2008, Judge Nelson ruled

that if Nyssen was seeking federal judicial review of a state criminal judgment, he would need to

file a writ of habeas corpus under 28 U.S.C. § 2254.  August 29, 2008 Order [Docket No. 3] at 1,

2.  In the alternative, if he sought relief other than habeas review, Judge Nelson gave Nyssen

leave to amend his Complaint within thirty days.  Id. at 2.

Nyssen filed an Amended Complaint, presumably under 42 U.S.C. § 1983, in which he

sought compensatory, punitive, and monetary damages for alleged violations of his Fourth, Fifth,

Eighth, and Fourteenth Amendment rights.  Amended Compl.  In the R&R, Judge Nelson found

that Nyssen failed to state a cause of action "because his claims are barred by the by principles

discussed in Heck v. Humphey, 512 U.S. 477 (1994)."  September 23, 2008 Order at 3.  For this

reason, Judge Nelson rejected Nyssen's IFP application and found that the Complaint should be

dismissed.

### III. DISCUSSION

In reviewing an R&R, the district court "shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is

made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).  A district judge "may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." Id.

Nyssen makes two types of objections to the R&R.  The first type could broadly be

labeled as a challenge to the legality of the search and seizure that resulted in his conviction.

Nyssen suggests that because he was convicted as a result of an alleged illegal search and

seizure, his constitutional rights were violated and he is entitled to relief.  Nyssen's second type

of objection stems from his premise that a federal court should be able to review these alleged

violations.

As to the first objection, this Court cannot make a determination about the legality of the

search and seizure and Judge Nelson properly dismissed the case.  An IFP application will be

denied, and the action will be dismissed, if the complaint fails to state a claim on which relief

could be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); see also Fogle v. Blake, 227 Fed. App'x 542

(8th Cir. 2007) (upholding sua sponte dismissal of complaint because it failed to state a claim on

which relief could be granted).  The law is clear that a person cannot challenge a state criminal

conviction or sentence in a federal civil rights action unless that conviction or sentence has

already been invalidated.  Heck, 512 U.S. at 486-87.  The record indicates that Nyssen's

conviction still stands.  Additionally, as Judge Nelson noted, finding that Nyssen was subjected

to an unconstitutional search and seizure would also require finding that there was no lawful

basis for his conviction and, therefore, it would cast doubt on the lawfulness of his conviction.

This course of action is one the Court may not take.  See id. at 483; Abdullah v. Minn., 261 Fed.

App'x 926, 927 (8th Cir. 2008).  Because Nyssen's claim is barred by the principles articulated

in <u>Heck</u>, this action should be dismissed for failing to state a claim on which relief could be granted.

Nyssen's second type of objection relates to the power of federal courts to review potential misapplication of law by state courts.  He cites cases that serve as the cornerstone of this ideal such as <u>Marbury v. Madison</u>, 5 U.S. 87 (1803) and <u>Fletcher v. Peck</u>, 10 U.S. 87 (1810). While neither case applies in this current action, Nyssen is correct that he is entitled to seek federal review of his state court conviction and redress for constitutional violations.  The appropriate venue, however, is not this Court nor is it at this time.  As Judge Nelson stated in her August 29, 2008 Order, if Nyssen seeks federal review of his conviction, the appropriate method and venue would have been to request a writ of certiorari before the U.S. Supreme Court. August 29, 2008 Order at 2.  The time for that petition has expired.  Nyssen's remaining avenue for review would be to file a post-conviction appeal in state court.  If no state court invalidates his conviction, Nyssen can then file a petition for a writ of certiorari with the U.S. Supreme Court and thus obtain federal review of his claim.  Nyssen may also be able to seek damages for his § 1983 claim in this Court, but this claim is premature.  Under <u>Heck</u>, Nyssen must first demonstrate that his conviction has been invalidated, either by a Minnesota state court or the U.S. Supreme Court through the post-conviction appeals process, before he can bring his claim in this Court.  <u>See</u> 512 U.S. at 487.  Only then can this claim be considered.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.    The R&R [Docket No. 5] is **ADOPTED**;

2.    Plaintiff's Objections [Docket No. 6] are **OVERRULED**;

3.    Plaintiff's "Application to Proceed without Prepayment of Fees" [Docket No. 2]

    is **DENIED**; and

4.    This action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

    **LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:


    s/Ann D. Montgomery
    ANN D. MONTGOMERY
    U.S. DISTRICT JUDGE

Dated:  November 19, 2008.